663 N.W.2d 474 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Gerald Allen CUPP, Defendant-Appellant.
Docket No. 123148, COA No. 245327.
Supreme Court of Michigan.
June 27, 2003.
On order of the Court, the application for leave to appeal the January 7, 2003 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
MICHAEL F. CAVANAGH, and MARILYN J. KELLY, JJ., would remand the case to the Court of Appeals for consideration as on leave granted.
MARKMAN, J., dissents, and states as follows:
I would remand this case to the Court of Appeals for consideration as on leave granted and would direct the Court of Appeals to consider the following issues: (a) whether, in reviewing a trial court's decision to impose a prison sentence rather than an intermediate sanction under M.C.L. § 769.8 and 769.34(4)(a), the appellate court should focus only on the decision to depart from the recommended minimum sentence, and on the length of the minimum sentence actually imposed, or should the appellate court also take into consideration that, by departing and imposing a prison sentence, the trial court has imposed a maximum sentence beyond that which would have been imposed if the defendant had received an intermediate sanction; and (b) whether, under M.C.L. § 769.8 and 769.34(4)(a), the statutory maximum sentence must be given when a trial court decides not to sentence a defendant to an intermediate sanction, or is the trial court allowed to sentence the defendant to a maximum sentence that is less than the statutory maximum sentence.